UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Larry Smalls, # 242174, | ) C/A No. 4:09-2633-CMC-TER |
| | ) |
| Petitioner, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| Leroy Cartledge, *Warden of McCormick*, | ) |
| | ) |
| Respondent. | ) |

      Petitioner, Larry Smalls ("Petitioner/Smalls"), is currently incarcerated at McCormick Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on October 8, 2009. Respondent filed a motion for summary judgment on December 29, 2009, along with a return, supporting memorandum, and exhibits. Respondent filed an amended Return and Memorandum on January 7, 2010, addressing a state habeas petition filed by Petitioner on October 7, 2009, of which counsel was not aware at the time of the filing of the initial return. The undersigned issued an order filed January 11, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on February 4, 2010. (Docs. #21 and #22).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

It is recommended that this action be dismissed as barred by the statute of limitations, and there are no grounds for equitable tolling. However, the lengthy procedural history is set forth for reference purposes.

## I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been disputed by the Petitioner. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is currently confined at the McCormick Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Spartanburg County. Petitioner was indicted by the Spartanburg County Grand Jury during the January 6, 1997 Term of the Court of General Sessions for Trafficking in Crack Cocaine (1997-GS-42-0122), and during the June 9, 1997 Term of the Court of General Sessions for Trafficking in Heroin (1997-GS-42-2435). Petitioner was represented by Jack Lynn, Esquire. (App. 1-158). The State was represented by Assistant Solicitor Tommy Wall, Esquire, of the Seventh Judicial Circuit. Id. On June 25, 1997, Petitioner underwent a bench trial and was tried by the Honorable Larry L. Patterson, Circuit Court Judge. Id. The Honorable Larry L. Patterson, Circuit Court Judge, found Petitioner guilty and sentenced him to twenty-six years on each conviction, both to be served concurrently. (App. 154, 157).

Petitioner timely filed a Notice of Appeal. On appeal, Petitioner was represented by Aileen P. Clare, Esquire, Assistant Appellate Defender with the South Carolina Office of Appellate Defense. Petitioner's appeal was perfected with the filing of a Final Brief of Appellant. (App. 159-

76). In the Final Brief, Petitioner raised two arguments. First, he contended the warrant to search his belongings was invalid because it was based on the uncorroborated statement of a witness whose reliability was unknown, and it was not supported by other indicia of reliability, particularly in that it failed to specify the time or date that the alleged facts occurred. (App. 164-70). Second, he argued his statement was inadmissible as evidence against him because it was induced by promises of leniency towards his companion. (App. 171-74). In Reply to the Final Brief of Respondent, Petitioner filed a Final Reply Brief in which he argued the trial judge's finding of a reduced privacy interest critically flawed the assessment of Petitioner's Fourth Amendment claim. (App. 199-205).

In an Unpublished Opinion filed March 8, 1999, the South Carolina Court of Appeals affirmed Petitioner's convictions. (App. 207-11).

Petitioner subsequently filed a Petition for Rehearing. (App. 213-16). In a letter Order dated April 27, 1999, the South Carolina Court of Appeals denied the Petition for Rehearing. (App. 221). The Remittitur was issued on June 11, 1999.

**PCR Action**

Petitioner filed an Application for Post-Conviction Relief on May 8, 2001[2] (2001- CP-42-1285), alleging ineffective assistance of trial counsel and ineffective assistance of appellate counsel. (App. 230-42). Specifically, Petitioner alleged that appellate counsel failed to file a writ of certiorari to the S.C. Supreme Court, and trial counsel failed to conduct a reasonable investigations of

---

[2] Petitioner attached an affidavit from appellate counsel explaining that he was not informed his case was no longer on appeal until the South Carolina Office of Appellate Defense sent him a letter dated May 17, 2000. (See App. 231-232, 327).

potential witnesses, allowed the state to present and enter into record information which was heresay[sic], and not objecting to the way the state characterized his previous record. (App. 234-39). The State filed its return on August 5, 2002. (App. 243-48).

An evidentiary hearing was held in the PCR Action on December 14, 2004, before the Honorable Roger L. Couch, Circuit Court Judge. (App. 249-315). Petitioner was present and was represented S. Mitchell Slade, Jr., Esquire. Id. Assistant Attorney General Molly R. Crum, Esquire represented the State. Id. On December 21, 2005, the PCR Court filed an Order of Dismissal in Part and Order Granting Relief in Part. (App. 316-21). In the Order, the PCR Court noted that at the PCR evidentiary hearing, Petitioner testified on his own behalf. (App. 319). Jack H. Lynn, Esquire, and Aileen P. Clare, Esquire, testified on behalf of the State. Id. The PCR Court had reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. (App. 319). Further, the PCR Court reviewed the Clerk of Court records regarding the subject convictions, Petitioner's records from the South Carolina Department of Corrections, the trial transcript and documents from the prior proceeding, Petitioner's appellate records, the PCR application, the State's Return, and the legal arguments of counsel. Id.

The PCR Court found that Petitioner failed to prove that trial counsel's performance in these regards was deficient, citing Strickland v. Washington; Cherry v. State. (App. 320). The PCR Court further found that Petitioner failed to meet his burden of proving that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. Cherry v. State. (App. 320). Accordingly, the allegations of ineffective assistance of trial counsel were denied and dismissed with prejudice. (App. 320).

4

Petitioner alleged that appellate counsel was ineffective for failing to file a Petition for Writ of Certiorari after the South Carolina Court of Appeals denied the Petition for Rehearing. (App. 320). Petitioner contended that he asked appellate counsel to file the Writ of Certiorari to the South Carolina Supreme Court and that she agreed to do so. Id. Appellate counsel stated that she told Petitioner she would file the Writ of Certiorari. Id.

The PCR Court found that the failure of appellate counsel to file a Petition for Writ of Certiorari when Petitioner had been informed that one would be filed did constitute ineffective assistance of appellate counsel. (App. 320). Therefore, the PCR Court found that Petitioner must be granted a belated appeal on that question. See White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974); Davis v. State, 288 S.C. 290, 342 S.E.2d 60 (1986); see also, Wilson v. State, 348 S.C. 215, 559 S.E.2d 581 (2002). (App. 320).

On December 30, 2005, the State filed a Motion to Alter or Amend the Judgement. (App. 322-25). In the Motion, the State requested the PCR court alter or amend its order to also deny the claim of ineffective assistance of appellate counsel. Id. A hearing on the motion was held on January 10, 2007. (Supp. App. 1-9).

On February 26, 2007, the PCR Court filed an Amended Order of Dismissal with Prejudice. (App. 326-332). In the Order, the PCR Court noted that at the PCR evidentiary hearing, Petitioner testified on his own behalf. (App. 329). Jack H. Lynn, Esquire, and Aileen P. Clare, Esquire, testified on behalf of the State. Id.

The PCR Court reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. (App. 329). Further, the PCR Court reviewed the Clerk of Court records regarding the

subject convictions, Petitioner's records from the South Carolina Department of Corrections, the trial transcript and documents from the prior proceeding, Petitioner's appellate records, the PCR application, the State's Return, and the legal arguments of counsel. Id. In addition, the PCR Court reviewed the Respondent's Rule 59(e) motion and the legal arguments from that hearing as well. Id.

The PCR Court concluded that Petitioner failed to carry his burden of proof to show that his trial counsel's representation fell below reasonable professional norms. Strickland v. Washington; Cherry v. State. (App. 331). Additionally, Petitioner failed to show a reasonable probability that the result at trial would have been different had trial counsel done what Petitioner alleged should or should not have been done. Johnson v. State, 325 S.C. 182, 480 S.E.2d 733 (1997). (App. 331-32). The PCR Court further concluded that Petitioner also failed to prove that appellate counsel's performance was deficient or that he was prejudiced by the alleged deficiency. Southerland v. State. (App. 332). Therefore, the allegations of ineffective assistance of trial and appellate counsel were denied and dismissed with prejudice. (App. 332).

**PCR Appeal**

Petitioner timely filed a Notice of Appeal on March 13, 2007. On appeal, Petitioner was represented by Wanda H. Carter, Esquire, Deputy Chief Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. The appeal of the PCR Court's Order was perfected with the filing of a Johnson Petition for Writ of Certiorari. In the Petition, counsel argued appellate counsel erred in failing to seek certiorari subsequent to the Court of Appeals' decision affirming petitioner's case.

In an Order filed July 11, 2008, the South Carolina Supreme Court transferred Petitioner's case to the South Carolina Court of Appeals. In an Order filed June 11, 2009, the South Carolina Court of Appeals denied the Petition for Writ of Certiorari. In the Order, the Court of Appeals noted that this matter was before the Court on a petition for a writ of certiorari following the denial of Petitioner's application for post-conviction relief.

Petitioner's counsel asserted the petition was without merit and requested permission to withdraw from further representation.

After consideration of the record as required by Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988), the Court of Appeals denied the petition and granted counsel's request to withdraw. The Remittitur was issued on June 29, 2009.

*State Habeas Petition*

On October 7, 2009, Petitioner filed a Petition for Writ of Habeas Corpus Under §17-17-10, et. seq., S.C. Code of Laws, with the Spartanburg County Clerk of Court . In the state habeas petition, he asserts two grounds for relief. First, he asserts trial counsel was ineffective in failing to challenge the truthfulness of the terms within the search warrant affidavit by moving for a hearing pursuant to Franks v. Delaware. Second, he asserts appellate counsel was ineffective in failing to challenge the search warrant in precise terms, as done by trial counsel. To date, the Court is unaware of any action taken on this matter.

## II. HABEAS ALLEGATIONS

Petitioner raises the following Grounds in his *pro se* Petition for Writ of Habeas Corpus,

quoted verbatim:

> Ground One: Ineffective assistance of trial counsel
>
> Supporting Facts: Failure to challenge the search warrant - Failure to challenge language of terms within the search warrant affidavit Failure to challenge the witness credibility - failure to investigate witness record of testimony
>
> Ground Two: Ineffective assistance of appellate counsel
>
> Supporting Facts: Failure to notify defendant upon any progress upon his case since Nov 1997 til May 2000 with no response after numerous attempt of defendant trying to make contact - failure to contact defendant stating because of heavy case load and shortly after passing the bar to become an attorney at the office appellate Defense Failure to determine why she did not submit a petition for certiorari in his case. Failure to notify Mr. Smalls file was close. To Amend appellate attorneys affidavit in support of Ground Two

(Habeas Petition).

### III. SUMMARY JUDGMENT

On December 29, 2009, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material

8

fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

9

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V. DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

11

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner was found guilty and convicted on June 25, 1997. Petitioner timely appealed his conviction and sentence. The South Carolina Court of Appeals affirmed his convictions and the Remittitur was issued on June 11, 1999. Petitioner's conviction became final when the Remittitur was returned on June 11, 1999. See Rand v. Padula, 2009 WL 301918 (D.S.C. February 5, 2009) (citing Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir.2003) (conviction becomes final and AEDPA statute of limitations begins to run when the period for seeking discretionary review from a decision of the state's intermediate appellate court to state's highest court ends.) Further, because the United States Supreme Court will hear appeals only from a state's court of last resort, Petitioner is not entitled to the ninety (90) day period for seeking such review in the United States Supreme Court. See Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). Petitioner had one year to file his federal habeas petition unless the period was tolled. Based on the record, Petitioner was informed that his case was no longer on appeal in a letter dated May 17, 2000. (Tr. 231-232, 327). Petitioner did not file his PCR application until May 8, 2001, almost a year later. The PCR concluded on June 29, 2009. Petitioner did not file this federal habeas petition until October 8, 2009. Therefore if the time periods are aggregated, Petitioner is outside the AEDPA statute of limitations for federal habeas review.

Petitioner has not presented evidence to warrant equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not

warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Based on the fact that Petitioner has not shown any extraordinary circumstances to warrant equitable tolling, the petition is barred by the statute of limitations.

## VI. CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #13) be GRANTED, and the petition be dismissed without an evidentiary hearing.

                                    Respectfully submitted,

                                    s/Thomas E. Rogers, III
                                    Thomas E. Rogers, III
                                    United States Magistrate Judge

April 16, 2010
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**